J. RUSSELL KING ᴇᴛ ᴀʟ. *v.* JAMES P. GLEASON ᴇᴛ ᴀʟ.

[No. 857, September Term, 1975.]

*Decided June 28, 1976.*

The cause was argued before MOYLAN, MENCHINE and MOORE, JJ.

*Rex L. Sturm*, with whom were *Brown & Sturm* on the brief, for appellants.

*Nathan J. Greenbaum, Assistant County Attorney*, with whom were *Richard S. McKernon, County Attorney*, and *Alfred H. Carter, Deputy County Attorney*, on the brief, for appellees.

MENCHINE, J., delivered the opinion of the Court.

J. Russell King (appellant) filed an action in the Circuit Court for Montgomery County seeking to enjoin the County Executive of Montgomery County from the acquisition of property known as "Landfill Site 30" and to enjoin the Montgomery County Council from including that site in the 1975 revision of the Montgomery County Ten Year Solid Waste Management Plan and to compel elimination of such site from that Plan "until and unless a public hearing is held upon the designation of the site."

He contended that the statutorily required public notice as given in the subject case did not comply with law because publication of such notice failed to disclose with specificity the location of landfill sites proposed as solid waste acceptance facilities in the proposed comprehensive plan.

He maintained that Article 43, § 387C mandates: (a) that landfill sites must be designated with specificity in the required ten year proposed county plan dealing with solid waste disposal systems and solid waste acceptance facilities and (b) that any site thereafter added by the Montgomery County Council by amendment, permissively could be incorporated in the final plan only after notice and public hearing upon the proposed amendment prior to final passage. No constitutional due process issue is suggested.

The chancellor rejected both contentions. As to the first, he said: ". . . I find no expression of language or phrases that require the delineation of specific sites for public facilities

which are to be a part of the system or a part of the plan. . . ." As to the second, the chancellor found that the statute granted to the County Council "a broad discretion with respect to action subsequent to a hearing." Acting in accordance with those conclusions the chancellor dismissed the bill of complaint. We shall affirm.

Section 387C is a lengthy, somewhat complex statute that, *inter alia*, imposes a duty upon every county of the State to prepare and to submit to the State Department of Health a comprehensive ten year plan (with annual revisions) "for the provision of adequate water supply systems and sewerage and solid waste disposal systems and solid waste acceptance facilities throughout the county. . . ."

The statutory procedural requisites in the development of such plans in Montgomery County are set forth in subsection (b), par. 1 (III) and read as follows:

"In Montgomery County, the County Council shall have the responsibility for the approval of the plans and annual revisions of such plans for Montgomery County. The County Council shall prepare a statement of the objectives and policies to be achieved and implemented by the plans and which shall include any or all related aspects of planning, zoning, population estimates, engineering, economics and State, regional, municipal, local and area plans to be taken into consideration, included in, or noted by the plans. The County Council may make such annual revisions in its established objectives and policies as it deems necessary. The county executive shall have the responsibility for preparing the plans and annual revisions of plans for Montgomery County to achieve the objectives and policies established by the County Council. The Washington Suburban Sanitary Commission and the Maryland-National Capital Park and Planning Commission shall provide to the Council and county executive such information and assistance as may be reasonably

required by either or both of them for their respective above-stated functions in the preparation, review and adoption of the plans and annual revisions thereof, with the procedures for the requests and for the transmittal of responses, including a reasonable timetable therefor, to be worked out among the county executive and the Council and the two commissions. The Sanitary Commission shall provide requested information as to engineering, design, present and future capacities, available service projections and fiscal elements of the water and sewerage plans and annual revisions thereof, and the Park and Planning Commission shall provide requested information as to population, growth projections, planning factors and other developmental criteria specified by the County Council or county executive. The county executive shall prepare and submit to the County Council a preliminary draft for its consideration, revision, modification, comments and approval as a preliminary plan. The final plans or annual revision of plans shall be prepared by the county executive, conformable with the action of the Council in approving the preliminary drafts, taking into consideration significant intervening planning of development changes. The County Council shall hold a public hearing on the proposed final county plans and the annual revision thereof, ten days notice of which shall be given by one publication in a newspaper or newspapers of general circulation in Montgomery County.[1] At least thirty days prior to the date set

---

[1]. The following publications in newspapers of general circulation in Montgomery County were made:

The Gaithersburg Gazette
"SOLID WASTE MANAGEMENT PLAN HEARING

WHEREAS, the General Assembly of Maryland has by Article 43, Section 387C of the Annotated Code of Maryland (1972

for the public hearing, the Council shall transmit
its proposed final plans to the Washington

Cumulative Supplement) enacted that the governing body of each
county shall adopt and submit to the Maryland State Department
of Health and Mental Hygiene no later than January 1, 1974, a
complete County plan dealing with solid waste disposal systems
and solid waste acceptance facilities and a systematic program for
the collection and disposal of litter, refuse, or other solid wastes,
and shall from time to time submit amendments or revisions of
such plan; and
WHEREAS, for purposes of clarity it is noted that the above
words and phrases are defined in the statute as follows:

'Solid wastes' means litter and all refuse materials, other
than gaseous and liquid wastes, from all public and private
establishments and residences, including shopping centers.
'Solid waste disposal system' means any system, whether
publicly or privately owned, which provides scheduled or
systematic collection of solid wastes and their transportation
to and treatment or other disposition at a solid waste
acceptance facility. A solid waste disposal system includes all
solid waste acceptance facilities used in connection with the
system.
'Solid waste acceptance facility' means any sanitary landfill,
incinerator, transfer station or any other type plant the
primary purpose of which is for the disposal, treatment or
processing of solid wastes.
'Litter' means all rubbish, waste material, refuse, garbage,
trash, debris, dead animals or other discarded materials of any
kind and description; and

WHEREAS, in accordance with the above cite statue, [sic] the
County Executive has prepared and transmitted to the County
Council a recommended document entitled 'Ten Year Solid Waste
Management Plan FYS 1975-1984, Montgomery County,
Maryland'; and
WHEREAS, prior to adoption by the County Council, a public
hearing must be held on said plan after said governing body has
given reasonable opportunity for a public hearing to be held
thereon;
NOW, THEREFORE, BE IT RESOLVED, by the County
Council for Montgomery County, Maryland, that a public hearing
will be held by the County Council on the proposed Ten Year Solid
Waste Management Plan, FYS 1975-1984 on November 14, 1973 at
2 p.m. at the County office Building, Council Hearing Room,
Rockville, Maryland; the hearing will recess at 6 p.m. and resume
at 8 p.m."

The Montgomery County Sentinel

"Notice of Public Hearing

Notice is hereby given that the County Council for Montgomery
County, Maryland will conduct a public hearing at 2:00 P.M., to
recess at 6:00 P.M. and resume at 8:00 P.M. on Wednesday,
November 14, 1973, in the Council Hearing Room, County Office

Suburban Sanitary Commission and the Maryland-National Capital Park and Planning Commission for their recommendations. *After the respective public hearings, the Council shall review and amend as it sees fit and approve the proposed plans or annual revision.* However, such approval shall not become final until ten days have expired during which time the county executive may review the plan and make whatever recommendations he may deem necessary or desirable for the Council's consideration. Thereafter, the Council shall submit the plan or annual revision to the State Department of Health, all within the time requirements as elsewhere set forth in this section." (Emphasis added.)

The proposed final plan for the 1974-84 decade did not pinpoint the landfill sites proposed for use during the period. It did, however, refer to an "Inventory of Potential Solid Waste Disposal Sites" that in turn included, *inter alia*, "Landfill Site 30" — the facility at issue here.

Subsequent to the public hearing of November 14, 1973, the County Council at a session held on January 22, 1974, by a five to two vote "accepted Councilwoman Garrott's motion to amend the proposed Ten Year Solid Waste Management Plan, as follows:

" 'The County Council has approved Site 30, located in the northern part of the County, bounded on the northeast by I-70S, on the north by Md. 95,

---

Building, Rockville, Maryland, on the 'Ten Year Solid Waste Management Plan, FY 1975-84, Montgomery County, Maryland', as recommended by the County Executive in accordance with Article 43, Section 387C of the Annotated Code of Maryland (1972 Cumulative Supplement), to be submitted to the Maryland State Department of Health and Mental Hygiene no later than January 1, 1974, dealing with solid waste disposal systems and solid waste acceptance facilities and a systematic program for the collection and disposal of litter, refuse or other solid wastes.

Persons wishing to testify are requested to call the Council Office, 279-1231, to place their names on the speakers list."

(Pursuant to such notices, a public hearing was conducted by the County Council on November 14, 1973.)

on the northwest by Shiloh Church Road for approximately 4,000 feet and on the southeast by Md. 121 for approximately 4,000 feet, and as more particularly described in "Volume 3, Solid Waste Management Ten Year Plan, July 1974 Disposal System, Inventory of Potential Solid Waste Disposal Sites." The County Executive will select a specific site from the area (of Site 30) after a public hearing.' "

In the lower court appellant referred to a notice of public hearing relating to possible acquisition of seven landfill sites within Montgomery County, complaining that the notice did not include the subject tract. That hearing notice was not given pursuant to any requirement of Code Article 43, § 387C, it was given pursuant to the provisions of Section 20-37 of the Montgomery County Code of 1972 relating to land acquisition. Site 30 was not at that time envisioned for final acquisition. There was, however, a subsequent notice of public hearing for the acquisition of the subject tract under Section 20-37. Appellant attended the hearing and gave testimony.

In his brief, appellant asserts that "[§ 387C] requires that a *final plan, including a designated site for a solid waste acceptance facility be developed* and that a reasonable opportunity for public hearing be provided." (Italics supplied.) He contends that such specificity is compelled by subsection (b) 1 (III) quoted *supra;* and by parts of three other subsections. The latter are: (b) 1 (I), (b) 3 (IX) and (X), and (b) 4 (iii), (iv), (v) and (vi) and read as follows:

"(b) *Adoption of county plans; subsidiary plans; contents of plans.*

1. (I) The governing body of each county shall, adopt and submit to the Department, a county plan dealing with water supply systems and sewerage systems no later than January 1, 1970, and a complete county plan dealing also with solid waste disposal systems and solid waste acceptance

facilities no later than January 1, 1974; and that this plan deal with a systematic program for the collection and disposal of litter, refuse, or other solid wastes; and shall from time to time submit amendments or revisions of such plan, as it deems necessary or as may be required by the Department provided said governing body shall give notice to the principal elected official of any municipal corporation concerned, who shall be granted an opportunity to be heard with respect to such plans, amendments or revisions, and after said governing body has given reasonable opportunity for a public hearing to be held thereon.

\* \* \*

3. In accordance with applicable regulations adopted by the State Board of Health and Mental Hygiene pursuant to subsection (c) of this section, each county plan shall delineate those areas where —

\* \* \*

(IX) Community solid waste disposal systems must be provided.

(X) Community solid waste acceptance facilities must be provided for use by the residents of the community pending the installation of a programmed collection and transportation system.

4. In addition, every county plan shall —

\* \* \*

(iii) Provide for adequate facilities for the treatment, recovery or disposal of solid wastes in a manner that is consistent with the laws of this State relating to air pollution, water pollution and land use;

(iv) Contain adequate information of the existing sewage treatment capacity within each drainage basin or sewage treatment plant service area within the county, the present level of use within each drainage basin and projections for use of sewage treatment plant capacity based upon outstanding building permits and subdivision plats, or, where the county does not have or is not utilizing subdivision authority, projections based upon zoning commitments.

(v) Delineate with all practical precision those portions of the county which community and multiuse water supply systems, community and multiuse sewerage systems and community solid waste disposal systems may reasonably be expected to serve within the succeeding ten-year period, and any portions in which the provision of such services is not reasonably foreseeable, taking into consideration all related aspects of planning, zoning, population estimates, engineering, and economics, and all State, regional, municipal and local plans;

(vi) Establish procedures for delineating and acquiring, on a time schedule pursuant to subsection 4 (v) above, necessary rights-of-way or easements for community water supply, community sewerage or community solid waste disposal systems or acceptance facilities."

We find nothing in any of the cited subsections to justify appellant's contention that the Legislature intended to require that the proposed ten year plan must delineate landfill sites with specificity. Nor does the entire § 387C indicate such legislative purpose.

We think that a *ten year plan*, in growing counties, negates the idea of specificity in site selection. We interpret

the subject statute as intended to provide a plan permitting maximum flexibility in implementation by the county governing bodies.

We emphasize that § 387C (b) 1 (III), fully quoted in this opinion *supra* provides, *inter alia*: "After the respective public hearings, the Council *shall review and amend as it sees fit and approve the proposed plans or annual revision.*" (Emphasis added.)

Where the legislative body possesses such broad powers to amend, there can be no doubt that, in the absence of statutory restrictions to the contrary, no further public notice and hearing is required. In *Swarthmore Co. v. Kaestner*, 258 Md. 517, 266 A. 2d 341 (1970), wherein public notice and hearings upon initially recommended zoning action were statutorily required, but the statute authorized "such changes or amendments therein as the county council may deem appropriate" it was said at 531-32 [348]:

> ". . . after the expiration of such [initial] period of notice (20 days) the County Council *may* adopt the recommended regulations or maps but it may also make 'such changes or amendments therein as the county council may deem appropriate.' In short, the County Council need not follow the recommendations of the planning board and need not have any *further or additional hearing* in regard to the changes or amendments the County Council may see fit to make." (Emphasis in original.)

*See also: Hewitt v. Baltimore County*, 220 Md. 48, 56, 151 A. 2d 144, 148-49 (1959).

The final plan ultimately adopted by the County Council in the exercise of its broad legislative power, is subject alone to the approval or disapproval of the State Department of Health. Section 387C, subsection (d).[2]

---

2. Under subsection (c) 2 the governing body of a county has the right to appeal the action of the Department to the State Board of Health and Mental Hygiene.

In sum, we find in § 387C no statutory requirement for specificity as to landfill sites in the proposed comprehensive county plan nor for further public notice and hearing upon amendments made by the County Council. There is no allegation of other procedural deficiency in the adoption of the plan.

> *Dismissal of bill of complaint affirmed.*
> *Costs to be paid by appellant.*